USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 0 8 2007

# GETMAN LAW OFFICE

1.  Plaintiff's Motion for Summary Judgment on 7(i) and motor carrier exceptions
    (2) Defendant's Motion for Summary Judgment on 7(i) exception, both by: _June 29, 2007_

Via facsimile: ( 2.  Opposition by both parties by _July 13, 2007_

3.  Reply by both parties: _July 20, 2007_

April 24, 2007

**SO ORDERED:**

*[signature]*

**HON. PAUL A. CROTTY**
**UNITED STATES DISTRICT JUDGE**

Hon. Paul A. Crotty
United States District Judge, S.D.N.Y.
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dan Getman
Tara Bernstein
Michael J.D. Sweeney
Matt Dunn (NY & OR)
Garry G Geffert*
Edward Tuddenham*
*Of Counsel

Paralegals:
Anibal R. Garcia
Janice Pickering
Carolyn Mow
Kathy Weiss

Re:  *Jimmy English, et al. v. Ecolab, Inc.*, 06 Civ 5672 (PAC)

Dear Judge Crotty:

# MEMO ENDORSED

The Plaintiffs write to request a pre-motion conference for purposes of moving for summary judgment on the exemptions Ecolab raises in its third affirmative defense. At a pre-motion conference before Your Honor on January 5, 2007, the Parties agreed to an expedited summary judgment schedule on the Ecolab's third affirmative defense. Ecolab has indicated that it intends to move the Court for summary judgment on one of the two exemptions it raises in its third affirmative defense. The Plaintiffs ask the Court for permission to cross move for summary judgment on both defenses raised.

Ecolab has asserted two exemptions as its basis for not paying the class overtime. The Plaintiffs in this case are Ecolab employees that provided pest elimination services to Ecolab customers. Ecolab did not pay them for the overtime hours they worked. Instead, it claims that the employees are subject to two exemptions from the FLSA overtime protections. The first exemption is under 29 U.S.C. §207(i), which provides a limited exemption for employees of retail and service establishments. The second exemption Ecolab raised is the Motor Carrier Act exemption under 29 U.S.C. §213(b)(1) (the "Motor Carrier" exemption). The Parties have conducted discovery on the 7(i) defense. No discovery is necessary for the Court to rule as a matter of law on the Motor Carrier exemption for claims post August 10, 2005.

Employees for whom the Secretary of Transportation may prescribe requirements for qualifications and maximum hours of service are exempt from the FLSA overtime provisions. *Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 222-23 (2d Cir. 2002). To establish the Motor Carrier exemption, Ecolab must show that the Plaintiffs are subject to the Secretary's regulatory authority under 49 U.S.C. §31502. *Id., Masson v. Ecolab*, 2005 WL 2000133, at *6. Under that section, the Secretary has regulatory authority to prescribe "qualifications and maximum hours of service of employees of . . . a motor private carrier, when needed to promote safety of operation." 49 U.S.C. §31502.

Congress limited the Secretary of Transportation's regulatory authority under 49 U.S.C. §31502 with the enactment of the Safe, Accountable, Flexible, Efficient Transportation Equity Act, PL 109-59 (2005) ("SAFETEA-LU") on August 10, 2005. The statute amended the definition of a motor private carrier to cover only those people transporting property by commercial motor vehicle. 49 U.S.C. §13102(15). The Motor Carrier Act defines a commercial motor vehicle as follows:

> a self-propelled or towed vehicle used on the highways in interstate commerce to transport passengers or property, if the vehicle—
> (A) has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater;
> (B) is designed or used to transport more than 8 passengers (including the driver) for compensation;
> (C) is designed or used to transport more than 15 passengers, including the driver, and is not used to transport passengers for compensation, or
> (D) is used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of this title and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103.

49 U.S.C. §31132.

Since August 10, 2005, only employees involved with transportation by commercial vehicle are subject to the Motor Carrier exemption. *Dell'Orfrano v. IKON Office Solutions, Inc.*, 2006 WL 2523113, at *2 (M.D. Ga. 2006); ("Effective August, 2005, the definition of "motor private carrier" was amended to cover only a person transporting property by 'commercial motor vehicle.'"); *King v. Asset Appraisal Services, Inc., et al.*, 470 F.Supp.2d 1025, 1030 (D. Neb. 2006)("Due to the enactment of SAFETEA-LU, however, many vehicles that were previously exempt are no longer exempt because they are not "commercial" motor vehicles."); *O'Neal, v. Kilbourne Medical Laboratories, Inc., et al.*, 2007 WL 956428, at *9 (E.D.Ky. 2007)("After the passage of SAFETEA-LU, however, vehicles that were previously exempt under the old definition of 'motor vehicle' are no longer exempt because they are not "commercial motor vehicles."); *see also*, Jackson Lewis, Legal Updates, *Change to Federal Transportation Law Raises Questions Regarding Applicability of Motor Carrier Exemption*, posted April 13, 2006, copy attached (explaining that the Motor Carrier Exemption may not apply to drivers of small trucks because " the definition of a commercial motor vehicle excludes vehicles having a gross vehicle weight or rating of 10,000 pounds or less. . ."). Whatever the merits of Ecolab's claim to the Motor Carrier exemption prior to August 10, 2005, it is clear that the exemption cannot apply after that date unless the Plaintiffs transported property by commercial motor vehicle.

None of the Plaintiffs who worked for Ecolab after August 10, 2005, transported property by commercial motor vehicle. Plaintiffs Brian Jackson, Richard Lamont, Bruce Willard, and William Zimmerlee were employed by Ecolab as Service Specialists after August 10, 2005. They all drove company-supplied Dodge Ram pick-up trucks that had a gross vehicle weight and weight rating of less than 10,001 pounds and were not designed or used to transport 8 or more people. Further, the trucks were not required to be placarded under Department of Transportation ("DOT") regulations, and they were not placarded. Given the current state of the Motor Carrier

exemption, partial summary judgment is due with respect to the exemption's affect on the Plaintiffs' post August 10, 2005 claims.

There is no further discovery needed by any party to address the Motor Carrier exemption after August 10, 2005. Ecolab has the burden of establishing the exemption. *Bilyou*, 300 F.3d at 222. Ecolab will have in its own files any information necessary to show that the Plaintiffs transported property by commercial motor vehicle. For instance, it will have records of the vehicles it provided the Plaintiffs, and the vehicle weight and passenger capacity is a matter of public record. If the Plaintiffs carried material requiring placarding under DOT regulations, Ecolab will have extensive records.[1]

An early resolution of the 7(i) and post-SAFETEA-LU Motor Carrier exemptions will go a long way to resolving this case. They are the two exemptions on which Ecolab relies for not paying Service Specialists overtime. A decision on these two issues resolves the most important liability issues in the case. Separate and sequential consideration of the motions will not be efficient for the Parties or the Court. The Court has already allowed an early summary judgment motion on the 7(i) exemption. No additional discovery is needed to determine the application of the post-SAFETEA-LU Motor Carrier exemption in this case. Accordingly, the Plaintiffs request a pre-motion conference for purposes of filing a cross motion for summary judgment on Ecolab's 7(i) defense and partial summary judgement on the Motor Carrier exemption.

Thank you.

Respectfully submitted,

Michael J.D. Sweeney

Copy: Jeffrey W. Brecher, Jackson Lewis

---

[1]For example, the Department of Transportation requires any drivers of placarded vehicles to have Commercial Driver's Licensees with a Hazardous Material Endorsement, 49 C.F.R. § 383.93, and Ecolab was required to keep a driver's qualification file for each Plaintiff transporting hazardous materials. 49 C.F.R. §391.51. Moreover, Ecolab is required to maintain shipping papers describing any hazardous materials Plaintiffs transported. 49 C.F.R. §§172.200. Ecolab is also required to provide specific training to any Plaintiff Specialists transporting hazardous materials and keep records of the training. 49 C.F.R. §172.704.



Register / Login
Client Extranet
Contact Us



HOME    ABOUT US    OFFICES    ATTORNEYS    PRACTICE AREAS    EVENTS    LEGAL UPDATES    EMPLOYMENT    ONLINE TRAINING

Search:                    Home > Legal Updates >                              email this    print this
[ Go ]

Register for Email Alerts

## Change To Federal Transportation Law Raises Questions Regarding Applicability Of Motor Carrier Exemption

Posted: April 13, 2006

A new law relating to highway safety and appropriations may have inadvertently altered the scope of the "motor carrier exemption" contained in the Fair Labor Standards Act ("FLSA"). Even though it appears there was no intent to limit the exemption, modification of the definition of "motor private carrier" may have eliminated the exemption for operators of small vehicles, which long have been included in the scope of the exemption. The United States Department of Labor has yet to issue any guidance regarding the possible change, and

**Page Tools:**
- Register for Email Alerts

**For More Information Contact:**
- Jeffrey W. Brecher
- Paul J. Siegel

**Related Practice Areas:**
- Wage and Hour

apparently was unaware of the possible change to the exemption before the new law was passed. A senior official at the United States Department of Labor has stated the issue is under review. It is unclear whether the Department of Labor will recognize any change to the exemption.

The motor carrier exemption, codified at 29 U.S.C. § 213(b)(1), generally applies to employees who are transporting property in interstate commerce (but also includes *intrastate* transportation of goods if the transportation is part of a "practical continuity of movement in the flow of interstate commerce"). The exemption applies to "motor carriers" and "motor private carriers" and it had been applied regardless of whether the employee transporting property was driving a commercial vehicle, or a smaller or personal vehicle, because the definition of "motor carrier" and "motor private carrier" did not contain any weight limitations. Thus, thousands of employees who transport property in personal vehicles and small vans have been classified as exempt from the overtime requirements of the FLSA.

The limitation in the definition of motor carrier (and the possible resultant change in the scope of the exemption) arises from Congressional enactment, on August 10, 2005, of the "Motor Carrier Safety Reauthorization Act of 2005", Title IV of the "Safe Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users" ("SAFETEA-LU"). This statute addressed numerous issues relating to highway transportation, including federal appropriations. Within this massive legislation, spanning over 750 pages, is a section amending the definition of a motor private carrier to include only a "**commercial motor vehicle**" (as defined in 49 U.S.C. § 31132). Because the definition of a commercial motor vehicle excludes vehicles having a gross vehicle weight or rating of 10,000 pounds or less, the exemption may no longer apply to employees operating such vehicles, unless they fall within

one of the other definitions of a commercial motor vehicle relating to transporting passengers or hazardous materials.[1]

_____

[1] Section 31132, in turn, defines a *commercial motor vehicle* as follows:

A self propelled or towed vehicle used on the highways in interstate commerce to transport passengers or property, if the vehicle

a) has a gross vehicle weight rating or a gross vehicle weight of at least 10,001 lbs., whichever is greater,

b) is designed or used to transport more than eight passengers (including the driver) for compensation;

c) is designed or used to transport more than 15 passengers, including the driver, and is not used to transport passengers for compensation, or

d) is used for transporting material found by the Secretary of Transportation to be hazardous under Section 5103 of this Title and transported in a quantity requiring placarding under regulations prescribed by the Secretary under Section 5103.

Copyright © 1998-2005 Jackson Lewis LLP | Disclaimer | Privacy Policy | Site Map
Email: info@jacksonlewis.com | Phone: (800) 648-2551
Attorney Advertising



| | |
|---|---|
| | **jackson│lewis**  Attorneys at Law |

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel: (631) 247-0404
Fax: (631) 247-0417
www.jacksonlewis.com

ATLANTA, GA
BOSTON, MA
CHICAGO, IL
DALLAS, TX
GREENVILLE, SC
HARTFORD, CT
LONG ISLAND, NY

LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORLANDO, FL
PITTSBURGH, PA

SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC
WHITE PLAINS, NY

# FAX

**To:** Hon. Paul A. Crotty
**Company:** USDC, SDNY
**Fax:** 212-805-6304          **Tel #:**
**From:** Marc S. Wenger
**Sender:** . Bea Perera
**Subject:** English/Ecolab – 06-5672
**Date:** April 27, 2007
**Client/Matter #:** 76259
**Pages:**
**Original:** _____ Will Follow    X   Will Not Follow

**MESSAGE:**

I:\Clients\E37976\76259-Masson\Faxes\Fax cover Sweeney.doc

**Please contact Patti V. if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.



**jackson|lewis**

Attorneys at Law

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | PROVIDENCE, RI |
| 58 South Service Road | BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| Suite 410 | CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| | CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| Melville, New York 11747 | DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| Tel 631 247-0404 | GREENVILLE, SC | ORANGE COUNTY, CA | SEATTLE, WA |
| Fax 631 247-0417 | HARTFORD, CT | ORLANDO, FL | STAMFORD, CT |
| | HOUSTON, TX | PITTSBURGH, PA | WASHINGTON, DC REGION |
| www.jacksonlewis.com | LONG ISLAND, NY | PORTLAND, OR | WHITE PLAINS, NY |

Representing Management Exclusively in Workplace Law and Related Litigation

MY DIRECT DIAL IS: (631) 247-4652
MY EMAIL ADDRESS IS: BRECHERJ@JACKSONLEWIS.COM

April 27, 2007

**VIA FACSIMILE – 212-805-6304**

Hon. Paul A. Crotty
United States Courthouse
United States District Court
Southern District of New York
40 Centre Street, Room 2102
New York, New York 10007-1312

Re:  English, et al. v. Ecolab, Inc.
     Index No. 06 CV 5672 (PAC)

Dear Judge Crotty:

As counsel for Defendant, we are writing in response to Plaintiffs' letter, dated April 24, 2007, requesting a pre-motion conference to make a cross-motion for summary judgment regarding application of the 7(i) exemption and motor carrier exemption.

The Court previously approved Defendant's request to make a motion for summary judgment regarding the 7(i) exemption and Defendant has no objection to Plaintiffs filing a cross-motion as to that exemption. Discovery regarding the 7(i) exemption is nearly complete. At the January 5, 2007 conference, the Court ordered expedited discovery regarding the 7(i) exemption to be completed by April 16, 2007. However, Plaintiffs served a Second Request for Production of Documents on April 5, 2007, which did not provide sufficient time to complete the document response prior to the discovery deadline. Despite this, with the Court's permission, Defendant will respond to Plaintiffs' Second Request for Production by May 7. On that basis, Defendant proposes the following briefing schedule regarding the 7(i) exemption: May 28 – the parties serve cross-motions for summary judgment; June 15 -- opposition to the cross-motions; and June 30 -- reply papers.

Plaintiffs' request to move for partial summary judgment on the application of the motor carrier exemption post-August 2005, however, should be denied as premature.[1] The motion for summary judgment regarding application of the 7(i) exemption should be resolved before ruling on a motion regarding the motor carrier exemption because if the Court finds the 7(i) exemption applies, it will end the litigation, making Plaintiffs' motion regarding the motor carrier exemption moot. The reverse, however, is

---

[1] The Court has not even decided yet whether the case can proceed collectively; that motion is still pending. Plaintiffs' motion for partial summary judgment as to some, but not all Plaintiffs is a perfect illustration of why this case cannot proceed collectively and why the named Plaintiff is not similarly situated to those he seeks to represent. Indeed, if the motor carrier exemption applies to Mr. English, but not to others, the case could not be certified as the Court cannot certify a class in which the class representative is not a party.



litigation, making Plaintiffs' motion regarding the motor carrier exemption moot. The reverse, however, is not true. Regardless of how the Court rules on the applicability of the motor carrier exemption, the litigation will continue. If the motion is granted (and the exemption does not apply post-August 2005), issues regarding Plaintiffs' hours of work and damages would still need to be addressed as to those employed post-August 2005.[2] For members of the putative class who were employed prior to August 2005 (including the named Plaintiff), granting the motion would have no effect on these claims. In addition to discovery regarding their hours of work, the parties would still need to litigate all other requirements of the motor carrier exemption, such as the frequency with which Plaintiffs engaged in interstate transportation, unless Plaintiffs are conceding they meet all other elements needed to establish the exemption.

Plaintiffs want the Court to decide one small piece of the motor carrier exemption that the Court may never need to decide if the case is not certified or if the Court grants Defendant's motion for summary judgment regarding the 7(i) exemption. This will simply necessitate another motion for summary judgment after completion of discovery regarding the same exemption. Indeed, Defendant will move in its own right on the applicability of the motor carrier exemption after the completion of discovery. The Court should not rule on these motions in a piecemeal fashion.

Plaintiffs' proposed motion also raises complex issues of separation of powers that need not and should not be decided at this stage of the action. The Court cannot enforce a statute contrary to Congressional intent. Congress did not intend to alter the motion carrier exemption when it passed the Safe Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), a mammoth bill largely dealing with appropriations. 109 P.L. 59 (2005). There is not a single shred of evidence that the motor carrier exemption or the FLSA was even considered. Indeed, the Department of Labor was unaware of the alleged change, even after it occurred, citing the prior definition in opinion letters issued after the enactment of SAFETEA-LU. See 2005 DOLWH Lexis 34 (August 26, 2005). The DOL still has not issued any guidance stating the motor carrier exemption has been changed, and DOL regulations remain unaltered despite almost two years since the passage of SAFETEA-LU. See DOL Fact Sheet #19 (noting the exemption applies to an employee who drives a "motor vehicle", not a "commercial motor vehicle") (attached hereto as Exhibit 1); 29 C.F.R. §782.2.[3] In Musarra v. Digital Dish, Inc., 454 F. Supp. 2d 692 (S.D. Ohio 2006), the court acknowledged the refusal of the DOL to notify employers of any change as well as the absence of any intent by Congress to change the exemption:

> The DOL has not commented on the changes, and has not changed its website to reflect them. It is not clear that the department even knew about the changes when they took place or that Congress actually intended that they affect the FLSA.

Id. at 701, n. 19, quoting Felhaber, Larson, Felon, Vogt, P.A., Big Changes in Exempt Status for Drivers and Mortgage Loan Officers, 16 No. 4 Minn Emp. L. Letter 2 at * (June 2006).[4]

---

[2] This, however, is also speculative, as Plaintiffs have not been given permission to proceed collectively; it is our understanding that the Court has stayed that decision pending resolution of the 7(i) motion for summary judgment.

[3] The DOL Fact Sheet is available at www.dol.gov, Fact Sheet No. 19, visited April 24, 2007.

[4] In Musarra, the Court did not have to address whether any change should be enforced when the law is contrary to Congressional intent, as the employees in question were employed prior to August 2005.



Defendant is entitled to rely on DOL regulations and publications under the "good faith" affirmative defense set forth in 29 U.S.C. § 259, which is a *complete* bar to recovery. Plaintiffs' motion should be denied on this ground alone. None of the cases cited by Plaintiffs addresses this issue. In two of the cases cited by Plaintiffs, the discussion regarding SAFETEA-LU is dicta, as the liability period was prior to August 2005. In King v. Asset Appraisal Services, Inc., 470 F. Supp. 2d 1025 (D. Neb. 2006), the plaintiffs were employed after August 2005; in O'Neal v. Kilbourne Medical Laboratories, Inc., 2007 U.S. Dist. Lexis 22620 (E.D. Ky. March 28, 2007), the plaintiffs did not seek overtime for the period after August 2005. Id. at * 26 (noting that neither party addressed whether the motor carrier exemption applies after August 2005 since any alleged violation occurred prior to that time).

The Department of Transportation, which helped draft the legislation, has also sought to correct the error and restore the language that previously existed. In a letter from Rosalind Knapp, Acting General Counsel of the DOT, to Don Young, Chairman of the House Committee on Transportation and Infrastructure, the DOT asked the House to pass a technical corrections bill to correct "errors" in the text of SAFTEA-LU, specifically identifying the addition of the word "commercial" before the term "motor vehicle" in the section relied upon by Plaintiffs (attached as Exhibit 2). In its letter, the DOT notes the change, if uncorrected, could jeopardize safety. Indeed, a House Committee *passed* a corrections bill restoring the prior language. The bill was not passed prior to the close of the last session of Congress and will likely be reintroduced.

Because Congress did not intend to alter the motor carrier exemption, the DOL has refused to acknowledge any change, and the DOT and Congress have taken steps to correct the language, it would be both premature and an improper encroachment on the other branches of government to rule on the issue. Additionally, because Defendant's 7(i) motion for summary judgment, if successful, would resolve the entire case, making it unnecessary for the Court to rule on the applicability of the motor carrier exemption, Plaintiffs' request to file a motion for summary judgment regarding the motor carrier exemption should be denied.

Very truly yours,

JACKSON LEWIS LLP

Marc S. Wenger

MSW/bp
Enclosures

cc:    Michael Sweeney, Esq. (via facsimile)

# EXHIBIT 1



*www.dol.gov/esa*                                                   Search / A to Z Index

Find It!: By Topic | By Audience | By Top 20 Requested Items | By Form | By Organization | By Location

**April 24, 2007**    DOL Home > ESA > WHD > Fact Sheets > Fact Sheet #19

# Fact Sheet #19: The Motor Carrier Exemption Under the Fair Labor Standards Act (FLSA)
Printer Friendly Page

Section 13(b)(1) of the FLSA is an exemption from overtime. The provisions of Section 7 (overtime) do not apply with respect to any employee to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of The Motor Carrier Act of 1935.

Section 13(b)(1) of the FLSA provides an exemption from the overtime pay provisions, but not from the minimum wage (Section 6) requirements. This exemption has been interpreted as applying to any driver, driver's helper, loader or mechanic employed by a carrier and whose duties affect the safety of operation of motor vehicles in the transportation on public highways of passengers or property in interstate or foreign commerce.

## Requirements

The Section 13(b)(1) overtime exemption applies to those employees for whom the Department of Transportation claims jurisdiction and if the employer is:

1) a private carrier and hauls property or;

2) a common or contract carrier and hauls property or passengers and additionally if;

a) the employee's duties (consisting wholly or in part) affect the safety of operation of a motor vehicle and;

b) the employee's travel is in interstate commerce (across State lines) or the employee handles trips which connect with an intrastate terminal (rail, air, water, or land) to continue an interstate journey of goods that have not come to rest at a final destination.

The exemption will apply to those employees called upon in the ordinary course of work to perform, either regularly or from time to time, safety-affecting activities. The employee comes within the exemption in all workweeks when he\she is employed in such work. This general rule assumes that the activities involved in the continuing duties of the job in all workweeks will include activities that affect safety of operation of motor vehicles. Where this is the case, the exemption will be applicable regardless of the proportion of "safety affecting activities" performed in a particular workweek.

On the other hand, where continuing duties of the employee's job have no substantial direct effect on such "safety of operation", or where such safety affecting activities are so trivial, casual, and insignificant as to be de minimis, the exemption will not apply in any workweek so long as there is no change in the duties.

Where safety affecting employees have not made an actual interstate trip, they may still be subject to DOT's jurisdiction if:

1) the employer is shown to have an involvement in interstate commerce and;

2) it can be established that the employee could have, in the regular course of employment, been reasonably expected to make an interstate journey or could have worked on the motor vehicle in such a way to be safety affecting.

WHD Home
FairPay Home
Opinion Letters
Compliance
Assistance
   Basic
   Information
   Fair Labor
   Standards /
   Minimum Wage
   Stock Options
   Wage
   Garnishment
   Family &
   Medical Leave
   Farm Labor
   Immigration
   Lie Detector
   Tests
   Government
   Contracts
   Fact Sheets
   Back Wage
   Employee
   Locator
Field Handbook
Field Bulletins
Special Initiatives
   YouthRules!
   Garment
   Workers
   Health Care
   Workers with
   Disabilities
   Off-the-Clock
   Compliance
   Assistance
Information for...

   New

is deveAPR. 27. 2007 4:13PM Case 1:07-cv-03580-AC WIS Document Jurisdiction dev 06/06/2007 NO. 3820 P. 12 Page 12 of 22 10

for a four (4) month period beginning with the date he\she could have been called upon to, or actually did, engage in the carrier's interstate activities. Thus, such employee(s) would be exempt under Section 13(b)(1) for the same four-month period, notwithstanding references to the contrary in Regulations, 29 CFR 782.2.

The overtime pay exemption does not apply to employees of non-carriers such as commercial garages, firms engaged in the business of maintaining and repairing motor vehicles owned and operated by carriers, or firms engaged in the leasing and renting of motor vehicles to carriers.

## Typical Problems

A carrier may improperly apply the Section 13(b)(1) overtime exemption to employees of the company who are not engaged in "safety affecting activities", such as dispatchers, office personnel, those who unload vehicles or those who load but are not responsible for the proper loading of the vehicle. Only drivers, driver's helpers, loaders who are responsible for proper loading, and mechanics working directly on motor vehicles that are to be used in transportation of passengers or property in interstate commerce, can be exempt from the overtime provisions of the FLSA under Section 13(b)(1).

## Where to Obtain Additional Information

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**For additional information, visit our Wage-Hour website: http://www.wagehour.dol.gov and/or call our Wage-Hour toll-free information and helpline, available 8am to 5pm in your time zone, 1-866-4USWAGE (1-866-487-9243).**

**⊛ Back to Top**

www.dol.gov/esa                    www.dol.gov

---

**Freedom of Information Act | Customer Survey**
**Privacy & Security Statement | Disclaimers | E-mail to a Friend**

---

**U.S. Department of Labor**                                    **1-866-4-USWAGE**
Frances Perkins Building                                        TTY: 1-877-889-5627
200 Constitution Avenue, NW                                     **Contact Us**
Washington, DC 20210

Local Government

State Labor Laws
  State Labor
  Law Topics
  State Labor
  Offices

News Room
  News Releases

About Wage-Hour
  What Does
  Wage-Hour
  Do?
  Who's Who
  Directory
  Find the Office
  Nearest You

Wage and Hour
Stats
  2006
  2005
  2004
  2003
  2002

# EXHIBIT 2

**U.S. Department of Transportation**
Office of the Secretary
of Transportation

GENERAL COUNSEL

400 Seventh St., S.W.
Washington, D.C. 20590

July 17, 2006



**U.S. Department of Transportation**
Office of the Secretary of Transportation

GENERAL COUNSEL

400 Seventh St., S.W.
Washington, D.C. 20590

July 17, 2006


The Honorable Don Young
Chairman, Committee on Transportation
  and Infrastructure
U.S. House of Representatives
Washington DC  20515-6256

Dear Mr. Chairman:

   The U.S. Department of Transportation (DOT) supports current efforts in both the House of Representatives and the Senate to correct minor errors in the text of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users (SAFETEA-LU) (P.L. 109-59; Aug. 10, 2005) and make other, narrow adjustments to its provisions. We are pleased that the corrections we informally provided to committee staff during the period since enactment are part of the House-passed technical corrections bill (H.R. 5689).

   We request that the House and Senate consider broadening a technical amendment related to motor carrier safety made by section 13(j) (Registration of Brokers) of H.R. 5689. While the change made by the bill to section 4142(c)(2) of SAFETEA-LU is desirable, we advocate repeal of section 4142. Although the Department itself had sought the changes incorporated in section 4142 in the first instance, their overall effect on related safety provisions was not adequately anticipated and could undermine efforts to maximize the safety of the traveling public.

   Section 4142(a) was originally intended as a simple attempt to harmonize safety and commercial jurisdiction by employing the term "commercial motor vehicle" uniformly in place of "motor vehicle" in certain sections of law. Instead, the modified definitions produced ramifications that may impede the execution of the Federal Motor Carrier Safety Administration's (FMCSA's) safety mission. The most serious problem identified may be that for-hire and private motor carriers are no longer required to register with FMCSA under 49 U.S.C. 13902 if they operate commercial motor vehicles (CMVs) with a gross vehicle weight rating or actual weight below 10,001 pounds, or for-hire passenger vehicles designed or used to transport 8 people or less. Without registration, FMCSA will not have these motor carriers in its database for safety monitoring capability. Equally important, motor carriers generally must file proof that they have in effect appropriate amounts of liability insurance as a condition of registration. However, sections 4120(a)(1)(B) and (b)(1)(B) of SAFETEA-LU make the insurance requirements applicable only to motor carriers operating vehicles defined as a CMV. As a result, carriers operating vehicles that fall below the definitional threshold of a CMV no longer must maintain insurance or file evidence of insurance.

Subsections (b) and (c) of section 4142 also effectively eliminate freight-forwarder and broker registrations in areas other than carriage of household goods, subject to a DOT determination that registration is necessary. This conflicts with the requirement of 49 U.S.C. 13901 that freight forwarders and brokers be registered with FMCSA. In the absence of registration, brokers are no longer required to maintain a bond, thus jeopardizing the financial recourse of shippers and carriers transacting business with them.

Overall, the Department believes a return to the status quo prior to enactment of section 4142 would be desirable, along with minor changes to section 4120, and would appreciate the opportunity to work with committee staff to enact these needed amendments to SAFETEA-LU.

The Office of Management and Budget advises that, from the perspective of the President's program, there is no objection to the submission of this report for the consideration of the Committee.

Sincerely yours,

Rosalind A. Knapp
Acting General Counsel

2

# GETMAN LAW OFFICE

9 Paradies Lane
New Paltz, NY 12561
845-255-9370
fax 845-255-8649

Attorneys
Dan Getman
Michael J.D Sweeney
Tara Bernstein
Matt Dunn (NY & OR)

Of Counsel
Garry G. Geffert
Edward Tuddenham

Paralegals
Anibal R. Garcia
Janice Pickering
Carolyn Mow
Kathy Weiss

**Date:**       **May 2, 2007**

**To:**         **Judge Crotty**
               **U.S. District Judge**
               **Fax: 212-805-6304**

**Copy:**       **Jeffrey W. Brecher, Esq.**
               **Jackson Lewis LLP**
               **Fax: 631-247-0417**

**From:**       **Michael J.D. Sweeney, Esq.**
               **Tel: 845-255-9370**

**# of pages:**  **3 (including cover sheet)**


# FAX TRANSMISSION COVER SHEET
## CONFIDENTIAL


### YOU SHOULD RECEIVE THE NUMBER OF PAGE(S) STATED ABOVE, INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (845) 255-9370 IMMEDIATELY.

The information contained in this fax message is privileged and/or confidential. It is intended
only for the use of the intended recipient named above. If you are not the intended recipient of
the fax nor otherwise authorized to possess it, you are hereby notified that any dissemination,
distribution or copying of this material is strictly prohibited. If you have received this
communication in error, please notify us immediately and return the original message to us at the
above-stated address at our expense. Thank you for your cooperation.

# GETMAN LAW OFFICE

9 Paradies Lane
New Paltz, NY 12561
845-255-9370
fax 845-255-8649

Attorneys:
Dan Getman
Tara Bernstein
Michael J.D. Sweeney
Matt Dunn (NY & OR)
Garry G. Geffert*
Edward Tuddenham*
*Of Counsel

Paralegals:
Anibal R. Garcia
Janice Pickering
Carolyn Mow
Kathy Weiss

Via facsimile: (212) 805-6304

May 2, 2007

Hon. Paul A. Crotty
United States District Judge, S.D.N.Y.
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Jimmy English, et al. v. Ecolab, Inc.*,  06 Civ 5672 (PAC)

Dear Judge Crotty:

Ecolab asks the Court to preclude Plaintiffs' dispositive motion on one of the exemptions it raises while it moves for summary judgment on another exemption. The request is not the most efficient way forward. Ecolab does not dispute that the SAFETEA-LU amendment to the Motor Carrier Act removed the Secretary of Transportation's authority to set Plaintiffs' maximum hours after August 10, 2005. Accordingly, the issue of whether the current exemption applies to the Plaintiffs is ripe for adjudication.

Ecolab's argument that Congress did not intend to alter the FLSA exemption when it enacted legislation restricting the Secretary of Transportation's authority is irrelevant to the scope of the MCA defense. The SAFETEA-LU amendment accomplished exactly what Congress intended: it limited the Secretary of Transportation's regulatory authority to prescribe requirements for qualifications and maximum hours of service over employees. As Congress clearly limited the Secretary's authority to regulating those involved in transporting property by commercial vehicle, people not transporting property by commercial vehicle simply are not subject to the Motor Carrier exemption to the FLSA. *See, e.g., Dell'Orfrano v. IKON Office Solutions, Inc.*, 2006 WL 2523113, at *2 (M.D. Ga. 2006). The statutory language is clear and Ecolab's "congressional intent" argument contrary to the plain language of the statute is entirely irrelevant.

Similarly, Ecolab's claim that it exercised good faith in ignoring the statutory amendments of SAFETEA-LU is also irrelevant to the issue of whether the current Motor Carrier exemption applies to the Plaintiffs' post-August 10, 2005 claims. Ecolab raises this claim in its sixth affirmative defense, based on 29 U.S.C. §259, which requires that an employer rely in good faith on an erroneous administrative ruling by the Administrator of the Wage Hour Division of the U.S. Department of Labor. This issue is not ripe for review as there has not yet been sufficient discovery on the state of Ecolab's post-SAFETEA-LU knowledge, whether there was any

reliance on an administrative ruling, or whether any such reliance was in good faith.[1]

The 207(i) and current Motor Carrier exemptions are the two dominant issues in the case, and resolving them together will help resolve the case in the most expeditious and efficient way possible. With both issues briefed, the Court can address the current Motor Carrier exemption if it finds that the 207(i) exemption does not apply to the Plaintiffs. Defendant's proposal that Plaintiffs be precluded from briefing the MCA defense post-SAFETEA-LU would require serial briefing and sequential consideration of the main issues in this case. Obviously, if the Court finds that 207(i) precludes all claims, Your Honor would be free to (but need not) ignore the Plaintiffs' summary judgment motion. However, if Your Honor rules that Plaintiffs are not exempt under 207(i), the Plaintiffs' motion can clearly also be decided. Thus, there will be no delay to the progress of the case and the issuance of notice to the putative class if both summary judgment motions are briefed now. If Plaintiffs' motion must be held in abeyance pending preferential resolution of Ecolab's motion, there could be significant delay to the ultimate resolution of this case. Further, once both defenses are resolved on the law, the range of remaining issues is very limited, and there is a much greater chance of the Parties resolving the case themselves.

Finally, the Plaintiffs request that the Court order sequential briefing on summary judgment. Simultaneous briefing too often ends up with arguments passing like ships in the night. Sequential briefing allows each Party to raise appropriate issues and respond to issues raised by the other Party. Accordingly, Plaintiffs propose that Ecolab move for summary judgment on the 7(i) exemption; the Plaintiffs respond and cross move for summary judgment on both exemptions; Ecolab respond and reply; and then Plaintiffs reply.

Respectfully submitted,

Michael J.D. Sweeney

Copy: Jeffrey W. Brecher, Jackson Lewis

---

[1] 29 C.F.R. §790.15(a) states in part: "'Good faith' requires that the employer have honesty of intention and no knowledge of circumstances which ought to put him upon inquiry." While Ecolab's good faith defense is not ripe for adjudication, two things are clear: (1) Ecolab has been actively litigating the Motor Carrier exemption in the *Masson* and various other cases since early 2005; and (2) Ecolab's counsel rendered public advice on its website regarding the SAFETEA-LU amendments effect on the Motor Carrier exemption in April 2006. Jackson Lewis, Legal Updates, *Change to Federal Transportation Law Raises Questions Regarding Applicability of Motor Carrier Exemption*, posted April 13, 2006.



Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel: (631) 247-0404
Fax: (631) 247-0417
www.jacksonlewis.com

Attorneys at Law

ATLANTA, GA        LOS ANGELES, CA      SACRAMENTO, CA
BOSTON, MA         MIAMI, FL            SAN FRANCISCO, CA
CHICAGO, IL        MINNEAPOLIS, MN      SEATTLE, WA
DALLAS, TX         MORRISTOWN, NJ       STAMFORD, CT
GREENVILLE, SC     NEW YORK, NY         WASHINGTON, DC
HARTFORD, CT       ORLANDO, FL          WHITE PLAINS, NY
LONG ISLAND, NY    PITTSBURGH, PA

# FAX

| | |
|---|---|
| **To:** | Hon. Paul A. Crotty |
| **Company:** | USDC, SDNY |
| **Fax:** | 212-805-6304     **Tel #:** |
| **From:** | Jeffrey W. Brecher |
| **Sender:** | Marianne |
| **Subject:** | English/Ecolab – 06-5672 |
| **Date:** | May 8, 2007 |
| **Client/Matter #:** | 104406 |
| **Pages:** | 3 w/ cover sheet |
| **Original:** | _____ Will Follow   X   Will Not Follow |

**MESSAGE:**

Please contact Patti V. if there are any problems with this transmission.

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.



**jackson|lewis**
Attorneys at Law

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| ATLANTA, GA | LOS ANGELES, CA | PROVIDENCE, RI |
| BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| GREENVILLE, SC | ORANGE COUNTY, CA | SEATTLE, WA |
| HARTFORD, CT | ORLANDO, FL | STAMFORD, CT |
| HOUSTON, TX | PITTSBURGH, PA | WASHINGTON, DC REGION |
| LONG ISLAND, NY | PORTLAND, OR | WHITE PLAINS, NY |

MY DIRECT DIAL IS: (631) 247-4652
MY EMAIL ADDRESS IS: BRECHERJ@JACKSONLEWIS.COM

May 8, 2007

**VIA FACSIMILE – 212-805-6304**

Hon. Paul A. Crotty
United States Courthouse
United States District Court
Southern District of New York
40 Centre Street, Room 2102
New York, New York 10007-1312

Re: English, et al. v. Ecolab, Inc.
Index No. 06 CV 5672 (PAC)

Dear Judge Crotty:

As counsel for Defendant, we are writing in response to Plaintiffs' letter, which requests permission to file a cross motion for summary judgment regarding application of the motor carrier exemption. For the reasons set forth in our letter dated April 27, 2007, Plaintiffs' request should be denied.

We are submitting this additional letter to address the inconsistencies in Plaintiffs' position. In Plaintiffs' original letter requesting permission to file the cross motion for summary judgment regarding the applicability of the motor carrier exemption, Plaintiffs state no discovery is needed. In their reply letter dated May 2, 2007, however, Plaintiffs state "there has not yet been sufficient discovery" regarding Defendant's sixth affirmative defense, which operates as a complete bar to liability. Thus, Plaintiffs have taken the unique position that the Court should rule on the motion for summary judgment, but at the same time ignore an affirmative defense that would bar the claim for a later date. There is no efficiency to be gained by this approach.

Second, Plaintiffs admit if the Court rules in Defendant's favor with respect to the 7(i) motion for summary judgment, the Court could "ignore" Plaintiffs' motion for summary judgment regarding the motor carrier exemption since it would be moot. Despite this, Plaintiffs state briefing the motion is the "most expeditious and efficient" way to handle the case. It is not. As set forth in Defendant's initial letter opposing the request, resolving the applicability of the motor carrier exemption post-August 15, 2005, would resolve only one small piece of the dispute and the litigation would continue. In contrast, ruling in Defendant's favor on the 7(i) exemption would end the litigation. Plaintiffs' contention that Congress "intended" to make any change to the FLSA is belied by legislative history which does not devote one sentence to it. Additionally, Defendant does not concede the motor carrier exemption does not apply post-August 10, 2005; our initial letter states just the opposite.



Finally, the Court should require simultaneous briefing on the 7(i) exemption as opposed to "sequential" briefing as urged by Plaintiffs as the issue is narrow. Obviously Plaintiffs are jockeying so they have the last word—a reply to their cross motion. The most equitable approach is simultaneous briefing.

Thank you for your attention to this matter.

Very truly yours,

JACKSON LEWIS LLP

Jeffrey W. Brecher

MSW/bp
Enclosures

cc:   Michael Sweeney, Esq. (via facsimile)