**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
　Email: pkim@rosenlegal.com
Laurence M. Rosen, Esq. (LR 5733)
　Email: lrosen@rosenlegal.com
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for the Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GANG KOU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MEDIS TECHNOLOGIES LTD., ROBERT K. LIFTON, and ANDREW UDIS,<br><br>　　　　　　　　　　Defendants. | Case No.: 07CV3230 (PAC)<br>**BY ECF**<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE MEDIS INVESTOR GROUP TO: (1) APPOINT LEAD PLAINTIFFS; AND (2) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**THE MEDIS INVESTOR GROUP TO: (1) APPOINT LEAD**
**PLAINTIFFS; AND (2) APPROVE LEAD PLAINTIFFS'**
<u>**SELECTION OF COUNSEL**</u>

Plaintiffs Chun Yu Wong, John Sellars, and Royce Oelschlager (collectively "Movants" or "Medis Investor Group") respectfully submit this memorandum of law in support of this motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing the Medis Investor Group and its members individually and collectively as Lead Plaintiffs for the class of all purchasers of common stock and call options, or who sold put options of Medis Technologies, Ltd. ("Medis" or the "Company"), during the period from April 13, 2007 through and including April 17, 2007 (the "Class Period"); and

(2) approving Movants' selection of The Rosen Law Firm P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Defendant Medis is a Delaware Corporation, with its principal executive offices located at 805 Third Avenue, New York, New York 10022.  Medis is engaged in the design, development, and marketing of liquid fuel cell products for mobile handset and portable consumer electronics markets, as well as the development and commercialization of an instrument for measuring reactions of living cells while the cells are in a static state. The Company's common stock trades on the NASDAQ Global Market under the ticker "MDTL".

On April 23, 2007 the Rosen Law Firm filed the first and only class action Complaint against the Company and certain of its officers, directors, and agents for violations of the Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of all purchasers of common stock and call options, or who sold put options of Medis during the Class Period.  On that same date, the Rosen Law Firm issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff (See Declaration of Phillip Kim, ("Kim Decl." Ex. 1).

The Complaint alleges that Defendants issued materially false and misleading statements and omitted to state material facts about the Company's certain "commercial sales" the Company

made with Microsoft. The Complaint asserts that the Company's misled the investing public by, *inter alia*, falsely claiming that Microsoft would: "brand" Medis' product, develop it for use for Microsoft products, sell Medis' products around the world, and Microsoft's unit commitment would be in the "millions." Following these announcements, information began to enter the market piecemeal about the falsity of these statements. As the market learned that that Microsoft had no plans to develop Medis' product; "brand" the products with its own name; had no plans to sell Medis' products around the world-- but rather distribute it free at an upcoming event; and had no plans to purchase "millions" of the Company's products, the price of Medis' securities fell and damaged Plaintiffs and the Class.

## ARGUMENT

### I.  THE MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or ***group of persons***" that:

>  (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>  (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*).

As set forth below, the Movants satisfy all three of these criteria and thus is entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should each be appointed Lead Plaintiff.

### A.     The Movants are Willing to Serve as Class Representative

Each of the members of the Medis Investor Group have filed the instant motion, and have filed with this Court a Certification attesting that he is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary (See Kim Decl., Ex. 2). Accordingly, each of the members of the Medis Investor Group satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B.     The Movants Have The Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or **group of persons** that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." Takara Trust v. Molex, 229 F.R.D. 577, 579 (N.D. Ill. 2005). While some Courts have applied the Lax/Olsten-styled[1] analysis in determining the largest financial interest, "[t]he amount of financial loss is the most significant of [LAX-style] elements." Weiss v. Friedman, Billings, Ramsey, Group, Inc., 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006) (Holwell, J.) (quoting In re Vicuron Pharms. Inc. Sec. Litig., 225 F.R.D. 508, 511 (E.D. Pa. 2004)); see also Richardson v. TVIA, Inc., 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the Lax/Olsten Factors approximate loss is most determinative). Indeed, "the best

---

[1] Lax v. First Merch. Acceptance Corp., 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); In re Olsten Corp. Secs. Litig., 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

4

yardstick by which to judge 'largest financial interest' is the amount of loss, period" In re Bally Total Fitness, Sec. Litig., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant Chun Yu Wong purchased a total of 20,000 shares of Medis stock during the Class Period at a costs basis of $416,911.91. After the close of the Class Period, he sold all of his Class Period shares for gross proceeds of $347,969.00. Thus, he has suffered a loss of approximately $68,942.91. (See Kim Decl. Ex. 3).

Movant John Sellars purchased a total of 1,000 shares of Medis stock during the Class Period at a costs basis of $23,341.00. He still holds all of his shares. Thus, on his common stock purchases of Medis, he has suffered a loss of $8,741.00.[2] During the Class Period, Mr. Sellers also sold 100 put option contracts that expired on April 20, 2007. On these put contracts he lost $13,300. Thus, Mr. Sellers has suffered approximate losses of $22,041.00 from his transactions in Medis securities during the Class Period. (See Id.).

Movant Royce Oelschlager purchased 3,000 shares of Medis stock during the Class Period at a costs basis of $69,541.00. After the end of the Class Period, he sold all of his Class Period shares for gross proceeds of $52,770.00. Thus, he has suffered a loss of approximately $16,771.00 (See Id.).

With only three lead plaintiff parties, the Medis Investor Group, with collective losses of $107,754.91, is small enough that coordinated decision making should not present any difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that groups of this size, all with substantial losses, are suitable lead plaintiffs. See e.g. In re Nature's Sunshine Products, Inc., 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing

---

[2] In determining losses for held shares, Movants use the average daily closing price of the Company's stock ($14.60) from the end of the Class Period to June 22, 2007 as the 90 days have not elapsed pursuant to the PSLRA look-back period. See In re Microstrategy, Inc. Secs. Litig., 110 F. Supp.2d 427, 436 no. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

5

group of three unrelated investors lead plaintiff); Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing a seven member group lead plaintiff); see also In re Baan Co. Sec. Litig., 186 F.R.D. 214, 217 (D.D.C.1999); In re Cendant Corp. Secs. Litig., 264 F.3d 201, 267 (3d. Cir. 2001) (agreeing with SEC view that a group larger than five may be too large to work effectively); In re The First Union Corp. Secs. Litig., 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); In re Universal Access, Inc. Secs. Litig., 209 F.R.D. 379, 384 (E.D. Tex. 2002); In re Oxford Health Plans, Inc. Secs. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)(co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Movants are not aware of any other movants that have suffered greater losses in Medis securities during the Class Period. Accordingly, with total losses of $107,754.91, the Medis Investor Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. The Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movant satisfies the requirements of Rule 23 is sufficient.  Greebel v. FTP Software, 939 F. Supp. 57, 60, 64 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  Oxford Health Plans, 182 F.R.D. at  49 (*citing* Gluck v. Cellstar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997) and Fischler v. Amsouth Bancorporation, 176 F.R.D. 583 (M.D. Fla. 1997)); Olsten Corp., 3 F. Supp. 2d at 296.

The Medis Investor Group and each of its members fulfill the requirements of Rule 23.  They each share substantially similar questions of law and fact with the members of the class and their claims are typical of the members of the class.   Each of the members of the Medis Investor Group and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Medis' agreement with Microsoft and omitted material information concerning the same.  Each of the members of the Medis Investor Group, as did all of the members of the class, purchased Medis shares at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between each of the members of the Medis Investor Group and other class members, as well as his strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movants' motion to serve as Lead Plaintiffs.

    **D.    The Movants Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing the Medis Investor Group as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (a)    will not fairly and adequately protect the interest of the class; or

    (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Medis Investor Group and each of its members' ability and desire to fairly and adequately represent the class has been discussed in Section C, above. The Medis Investor Group is not aware of any unique defenses defendants could raise against him that would render any of them inadequate to represent the class. Accordingly, the Court should appoint the Medis Investor Group as Lead Plaintiffs for the class.

**II.    THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Medis Investor Group and each of its members have selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Indeed, the Rosen Law Firm was the firm that filed the first and only securities

class action against the Company. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors (See Kim Decl., Ex. 4).

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request the Court issue an Order (1) appointing the Medis Investor Group and each of its members as Lead Plaintiffs of the class; (2) approving the Medis Investor Group's selection of The Rosen Law Firm P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: June 22, 2007

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this on the 22nd day of June, 2007, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE MEDIS INVESTOR GROUP TO: (1) APPOINT LEAD PLAINTIFFS; AND (2) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL, was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                                /s/ Phillip Kim