

Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Deborah H. Renner
212.768.6896
drenner@sonnenschein.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 3 2007

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

October 19, 2007

*October 23, 2007*

VIA FACSIMILE

Honorable Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007-1312

*No pre-motion conference is necessary in this case. Defendants Medis, Lifton and Udis are free to make their 12(b)(6) motion. The parties should confer and then submit an agreed upon motion schedule for making the motion (+) responding (+) replying for the Court's approval.*

*So ordered*
*Paul Crotty*
*USDJ*

Re:   Kou v. Medis Technologies Ltd., et al., 07-CV-3230 (PAC)

Dear Judge Crotty:

    We represent Defendants Medis Technologies Ltd. ("Medis"), Robert K. Lifton ("Lifton"), and Andrew Udis ("Udis") (collectively "Defendants") in the above-captioned matter. We write pursuant to the Court's Individual Practices and its May 23, 2007 Order to seek a pre-motion conference, or other approval, for Defendants' submission of a Motion to Dismiss the First Amended Class Action Complaint (the "Amended Complaint") under Rule 12(b)(6). Defendants respectfully submit that a Motion to Dismiss is warranted because the Amended Complaint fails to adequately plead scienter, as required by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and established Supreme Court and Second Circuit precedent, and therefore fails to state a claim against the Defendants.

    In the Amended Complaint, filed September 10, 2007, lead plaintiffs Chun Yu Wong, John Sellars, and Royce Oelschlager (collectively "Plaintiffs" or "Lead Plaintiffs") allege that the Defendants violated sections 10(b) and Rule 10b-5 thereunder, and Section 20(a) of the Securities Exchange Act of 1934, by issuing a false and misleading press release on April 13, 2007 (the "Press Release"). The Press Release quoted Lifton and stated that in an "historic moment" for Medis, the company had begun "commercial sales" of "Microsoft branded" PowerPacks to Microsoft and had made its "first shipment." (Am. Cmplt, ¶¶ 1, 3.) Lead Plaintiffs allege that this announcement caused Medis' stock to trade as high as $24.10 per share on April 13, 2007, before closing the day at $20.32 per share. (Id., ¶ 5.) Lead Plaintiffs also allege that Udis made false statements regarding the Microsoft sale in an April 13, 2007 article published in *Inside Greentech*. (Id., ¶ 7.) After market-close on April 17, 2007, an unknown Microsoft spokesperson allegedly stated that Microsoft had purchased only a small amount of Medis' products, which were not "Microsoft branded," and which were not intended for sale, but rather intended as giveaways at trade shows. (Id. at ¶ 9.) These purportedly corrective statements allegedly caused the losses suffered by the Lead Plaintiffs and other class members.

    As the Court is aware, to state a claim under Rule 10b-5 -- and consequently, Section 20(a) -- a plaintiff must adequately plead scienter. See, e.g., Kalnit v. Eichler, 85 F. Supp. 2d 232, 246

**MEMO ENDORSED**



October 19, 2007
Page 2

(S.D.N.Y. 1999) (Scheindlin, J.). In the Second Circuit, scienter allegations must "give rise to a strong inference of fraudulent intent." Kalnit v. Eichler, 264 F.3d 131, 138 (2d Cir. 2001) (emphasis added). Such intent must be established "(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Kalnit, 264 F.3d at 138. The Supreme Court recently stressed that the pleading requirement for scienter is high: to meet the "strong inference of scienter" required by the PSLRA, a complaint will only survive dismissal if a reasonable person "would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Tellabs, Inc. v. Makor Issues & Rights, 551 U.S. ___, 2007 WL 1773208, *10 (June 21, 2007). The Amended Complaint fails to satisfy this high standard.

First, the Amended Complaint does not sufficiently plead scienter through facts showing the Defendants' motive and opportunity to commit fraud. A showing of motive requires allegations of "benefits that could be realized by one or more of the false statements and wrongful nondisclosures alleged." In re GeoPharma, Inc. Sec. Litig., 411 F. Supp. 2d 434, 441 (S.D.N.Y. 2006) (Scheindlin, J.). To successfully plead motive, therefore, Plaintiffs must allege a "concrete and personal benefit" to the Defendants, such as a "desire 'to inflate stock prices while [defendants] sold their own shares.'" Id. Here, Plaintiffs do not—and cannot—allege that the Defendants sold their own shares of Medis stock during the Class Period, nor do they allege any other concrete and personal benefit to the Defendants from their allegedly misleading conduct.[1] There are simply no allegations of motive here at all.

Second, because Lead Plaintiffs cannot establish motive and opportunity, they must plead scienter by identifying circumstances indicating conscious misbehavior or recklessness by the Defendants, "though the strength of the circumstantial allegations must be correspondingly greater." Kalnit, 264 F.3d at 142 (internal citation omitted). Here, too, the allegations in the Amended Complaint are lacking. As an initial matter, support for many of the statements in the Press Release can be found in publicly available documents. Additionally, to the extent that Plaintiffs' scienter allegations vis-à-vis the Press Release focus on the Defendants' nondisclosure of specific details regarding the Microsoft sale, "a failure to disclose particular information, by itself, can only constitute recklessness if there was an obvious duty to disclose that information." GeoPharma, 411 F. Supp. 2d at 446.

Here, as in GeoPharma, there was no duty to disclose the details of the Microsoft sale, because what was "historic" was the fact of the first shipment and sale in the industry, and not the quantities involved. The only reasonable inference to be drawn is that the Press Release was intended to inform the business world that Medis' product was viable and available to potential customers. Tellingly, nowhere in the Amended Complaint do Lead Plaintiffs dispute that this was the first sale or shipment of the 24/7 PowerPack by Medis. Because there is no duty to disclose, Lead Plaintiffs must "allege something more to suggest that [D]efendants intended to confuse the

---

[1] Plaintiffs attempt to show a concrete benefit to Udis through a purported sales commission, however, there is no relationship (alleged or otherwise) between an increased stock price and any purported commission. This allegation is conclusory and speculative, at best.

**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

October 19, 2007
Page 3

market by omitting material information from the [Press] Release." Id. (emphasis in original). Since the Lead Plaintiffs have not alleged "something more," the Amended Complaint fails to establish that any omission in the Press Release was the product of conscious misbehavior or recklessness, and thus scienter is inadequately pled.

     Third, with respect to any purported misrepresentations, the Amended Complaint also fails to plead scienter adequately because it lacks allegations that Lifton and Udis[2] had access to specific facts or information contradicting their public statements. See, e.g., In re JP Morgan Chase Sec. Litig., 363 F. Supp. 2d 595, 624 (S.D.N.Y. 2005) (Stein, J.) (setting forth pleading standard). Without that basis, Plaintiffs resort to vaguely pleading that Defendants "were reckless in failing to obtain ... knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading." (Am. Cmplt, ¶ 75). This conclusory allegation is insufficient. See Novak v. Kasaks, 216 F.3d 300, 309 (2d Cir. 2000) ("Where plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information"). Likewise, although the Amended Complaint essentially alleges that Udis knew the terms of the Microsoft sale due to his role as "Business Development Manager," (Am. Cmplt, ¶ 50), this allegation is also insufficient to satisfy the pleading requirements: "[T]he allegations leveled against a particular individual must demonstrate that his or her culpability is based upon more than that person's mere position in the corporate hierarchy." In re Dynex Capital, Inc. Sec. Litig., 2006 WL 314524, *8 (S.D.N.Y. 2006) (Baer, J.)

     Fourth, although Plaintiffs also claim scienter is shown through an "historical pattern and practice of failing to be forthright in [Medis'] disclosures to investors," (Am. Cmplt, ¶ 51), this is little more than an attempt to distract the Court from the inadequacy of the scienter allegations. Not only is Plaintiffs' opinion irrelevant, but many of their allegations are taken out of context and belied by the very documents attached to the Amended Complaint. (Cf., e.g., Am. Cmplt., ¶ 52, with Am. Cmplt. Ex. 7, at 4-5.) Plaintiffs' improper attempt to impugn Defendants' reputation with these allegations should not be countenanced by the Court.

     Accordingly, because Plaintiffs have failed to plead scienter adequately, the appropriate remedy is dismissal of the Amended Complaint. See Kalnit, 264 F.3d at 134, 144 (affirming the district court's dismissal without leave to amend). Thus, Defendants respectfully request a pre-motion conference, or other approval, from the Court granting leave to Defendants to file their Motion to Dismiss.

Respectfully submitted,

*[signature]*
Deborah H. Renner

cc: Counsel on attached service list

---

[2] Although Lead Plaintiffs rely heavily on Udis' purported statements in the *Inside Greentech* article, public documents indicate that Defendants challenged the article's accuracy prior to its publication, and attempted to stop its publication.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHUN YU WONG, JOHN SELLARS, AND :
ROYCE OELSCHLAGER INDIVIDUALLY :
AND ON BEHALF OF ALL OTHERS :
SIMILARLY SITUATED, :
: Case No.: 07-CV-3230 (PAC)
      Plaintiffs, :
v. : **CERTIFICATE OF SERVICE**
:
MEDIS TECHNOLOGIES LTD., ROBERT K. :
LIFTON, and ANDREW UDIS, :
:
      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2007, a copy of the foregoing Defendants' Letter Requesting a Pre-Motion Conference, or Other Approval, for Defendants' Submission of a Motion to Dismiss the First Amended Class Action Complaint under Rule 12(b)(6) was caused to be served upon the Court and the following by facsimile:

> Phillip Kim, Esq.
> Laurence Rosen, Esq.
> THE ROSEN LAW FIRM, P.A.
> 350 Fifth Avenue, Suite 5508
> New York, NY 10118
> Fax: (212) 202-3827

Dated: October 19, 2007

                                 Respectfully submitted,

                                 /s/ Ben Delfin
                                 Benito Delfin, Jr. (BD-1216)
                                 SONNENSCHEIN NATH & ROSENTHAL LLP
                                 1221 Avenue of the Americas
                                 New York, NY 10020
                                 Phone: (212) 398-5277
                                 Fax: (212) 768-6800
            *Counsel for Medis Technologies Ltd., Robert K. Lifton, and Andrew Udis*

# FAX COVER SHEET

| | |
|---|---|
| TO | Hon. Paul A. Crotty |
| COMPANY | US District Court, SDNY |
| FAX NUMBER | 12128056304 |
| FROM | Laurence Rosen |
| DATE | 2007-10-22 15:06:04 GMT |
| RE | Kou v Medis, et al., No. 07-CV-3230 (PAC) |

## COVER MESSAGE

Please see attached.

# THE ROSEN LAW FIRM P.A.

*Attorneys-at-Law*

Phillip Kim
350 Fifth Avenue, Suite 5508
New York, New York, 10118
Tel (212) 686-1060
Fax (212) 202-3827
pkim@rosenlegal.com

October 22, 2007

**BY FAX (212) 805-6304**

Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re   Kou v. Medis Technologies, Ltd. et al., Case No. 07-CV-3230 (PAC)

Your Honor:

I am an attorney for the Rosen Law Firm, P.A., Lead Counsel for Plaintiffs in the above-referenced securities fraud class action. I submit this letter in response to Defendants' letter of October 19, 2007 seeking a pre-motion conference for their prospective motion to dismiss the first amended complaint (the "Complaint"). For the reasons set forth below, Plaintiffs respectfully submit that a pre-motion conference is not necessary and Plaintiffs stand ready to oppose Defendants' prospective motion pursuant to the briefing schedule previously approved by the Court.[1]

Pursuant to the Private Securities Litigation Act of 1995, where as here, a complaint has been filed by the lead plaintiffs, Defendants have the choice to either answer or move. Ordinarily, defendants exercise their right to move in lieu of answering in order to enjoy the benefit of the PSLRA automatic discovery stay. As expected, Defendants have chosen to move. Their prospective motion is narrowly focused on the issue of scienter. While Plaintiffs object to Defendants' statement of the law and mischaracterization of the allegations in the Complaint, Plaintiffs do not believe it is likely or possible that Defendants will abandon their position without formal motion practice—let alone be persuaded to answer and submit to discovery. Nor do Plaintiffs believe that a pre-motion conference would be fruitful in narrowing the issues, as Defendants' prospective motion is focused on a single issue-- scienter.

Accordingly, as a briefing schedule is already in place and the issues are not likely to be narrowed, Plaintiffs respectfully submit that a pre-motion conference is not required and the parties should be allowed to brief and argue the prospective motion. However, if the Court is

---

[1] See Docket no 3. As Plaintiffs' amended Complaint was filed on September 10, 2007, Defendants' prospective motion to dismiss is due on or before November 9, 2007, Plaintiffs' opposition is due on or before December 24, 2007, and Defendants' reply, if any, is due on or before January 23, 2008

1

2

inclined to have a pre-motion conference, Plaintiffs will appear and address any questions the Court may have.

We thank the Court for its consideration of our request.

Respectfully submitted,

*[signature]*

Phillip Kim (PK 9384)

cc:  Deborah H. Renner (DR 4225) (by fax and email)
     Abigail Lauer
     Sonnenschein Nath & Rosenthal LLP
     Fax: (212) 768-6800

2