## THE ROSEN LAW FIRM

*Attorneys-at-Law*
350 Fifth Avenue, Suite 5508
New York, New York, 10118
Tel (212) 686-1060
Fax (212) 202-3827

January 28, 2008

BY FAX (212) 805-63[--]
Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

*[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ____ DATE FILED: FEB 0 5 2008]*

*[Handwritten endorsement: There is no need for a motion on this issue. It will be addressed when the motion to dismiss is considered upon completion of the briefing. So ordered. Paul Crotty USDJ]*

Re: <u>Kou v. Medis Technologies, Ltd. et al.</u>, Case No. 07-CV-3230 (PAC)

Your Honor:

I am an attorney with the Rosen Law Firm, P.A., Lead Counsel for Lead Plaintiffs in the above-referenced securities fraud class action. I submit this letter, pursuant to Your Honor's individual practices, requesting a pre-motion conference for Plaintiffs' prospective motion to strike certain exhibits attached to Renner Declaration,[1,2] or in the alternative, conversion of the motion to dismiss into one for summary judgment, and discovery[3]

Generally a court is not to consider any extraneous material that is not attached to the complaint or not expressly incorporated therein when deciding a motion to dismiss. *See Taylor v. Vt Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir 2002) However, a court may consider a document which is "integral to the complaint" provided that no dispute exists concerning the authenticity, accuracy, or relevance of the document. *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir 2006). Where, as here, a court is "faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S Ct. 2499, 2509 (2007).

Additionally, pursuant to Rule 12(f) "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Moreover, the consideration of material outside the pleadings, warrants a conversion of the motion to summary judgment. *See Kramer v. Time Warner, Inc.*, 937 F. 2d 767, 773 (2d Cir 1991).

---

[1] The "Renner Declaration" refers to the Declaration of Deborah Renner, dated November 20, 2007 (Docket no 13) submitted in support of Defendants' Motion to Dismiss the First Amended Complaint

[2] The motion to dismiss filed by Defendants concern whether the complaint sufficiently alleges scienter as to the statements the Defendants made on April 13, 2007 about certain commercial sales it made to Microsoft that day. The Class Period asserted for the claim is April 13, 2007 through and including April 17, 2007

[3] Plaintiffs will be filing their opposition to Defendants' motion to dismiss later today

*[Side margin: MEMO ENDORSED]*

Lastly, under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Defendants in a securities class action have the option of either (i) answering the complaint and subjecting themselves to discovery; or (ii) moving to dismiss the complaint by arguing that it fails to state a claim within the "four corners" of the complaint, thereby invoking the PSLRA's automatic stay of discovery. In an obvious attempt to create a third option which does not exist under the Federal Rules of Civil Procedure or any legal authority, Defendants base their motion to dismiss the Complaint on factual assertions that are in dispute, drawn from outside the Complaint, not based on the present record, dependent upon the Court's review documents and information outside the four corners of the Complaint, and the document that are immaterial and inadmissible.

The following exhibits and any argument derived therefrom must be stricken because the materials are outside the four corners of the Complaint, not integral thereto, irrelevant, inadmissible hearsay, and/or improperly authenticated.

1.      Exhibit B is a news article published by the Associated Press dated April 23, 2007  This exhibit must be stricken, because it not properly authenticated and cannot be authenticated by Defendants' counsel,[4] it is hearsay being offered for the truth of the matter asserted—that is PowerPacks bore Microsoft's logo,[5] is outside the four corners of the complaint, and being offered to dispute a fact alleged in the Complaint.

2.      Exhibit D is a press release issued by Medis on April 25, 2007 that was also filed on Form 8-K with the SEC. This exhibit should be stricken because it is inadmissible hearsay being offered for the truth of the matter asserted—that the Medis attempted to correct the *Inside Greentech* article prior to publication[6], and disputes a fact alleged in the Complaint  Moreover this press release is not relevant as it is outside the four corners of the complaint and is merely a self-serving statement that has no evidentiary value—an after the fact "I did not do it" exculpatory statement.

3.      Exhibit E is a press release issued by Medis on December 26, 2006 that was also filed on Form 8-K announcing that it had completed UL certification. This exhibit must be stricken because it is outside the four corners of the Complaint, is wholly irrelevant as UL certification is not at issue nor is it referenced in the Complaint, and the statement pre-dates the Class Period.

4.      Exhibit F is a press release issued by Medis on May 8, 2007 that was also filed on Form 8-K announcing that it had begun sales of the PowerPack on the Mytreo.net website. Again, this Exhibit must be stricken because it is outside the four corners of the Complaint, and is wholly irrelevant-- as sales of PowerPacks on a website after the Class Period is not at issue nor its it referenced in the Complaint

5.      Exhibit G is a press release issued by Medis on August 20, 2007 that was also filed on Form 8-K announcing that Medis would demonstrate a PowerPack at the Intel Developers Forum. This exhibit must be stricken because it is outside the four corners of the complaint, and

---

[4] *See* Fed R Evid 901(a)
[5] *See* Fed R Evid 801
[6] *See* Fed R Evid 801

2

is wholly irrelevant— because whether Medis demonstrated the PowerPack at an industry conference after the Class Period is not issue nor is it referenced the Complaint

6    Exhibit H is a press release issued by Medis on November 13, 2007 that was also filed on Form 8-K announcing that the PowerPack was awarded an industry distinction. This exhibit must be stricken because it is outside the four corners of the complaint, and is wholly irrelevant—because whether Medis received an industry distinction for the PowerPack after the Class Period is not at issue nor is it referenced in the Complaint.

7    Exhibit K, is a copy of the website listing of Insider Transactions as reported by Yahoo.com that was run on November 19, 2007. This exhibit must be stricken because Defendants' counsel cannot properly authenticate it,[7] it is inadmissible hearsay being offered for the truth of the matter asserted—that defendants did not make insider sales,[8] is irrelevant as the period covered is only for (5-19-07 through 11-19-07) and consequently does not cover the Class Period.

8.    Exhibit L is a news article published by Cnet.com This exhibit must be stricken because Defendants' counsel cannot authenticate properly authenticate it and it is inadmissible hearsay being offered for the truth of the matter asserted—that commercial sales were "historic". Moreover, it is inadmissible layperson opinion testimony as it is not apparent that the opinion is one based rationally on the perception of the author and his personal knowledge.[9]

While it is clear that the foregoing material should be stricken, Plaintiffs' prospective motion will also seek, in the alternative, conversion of Defendants' motion to dismiss to one for summary judgment and for discovery. The PSLRA has an automatic discovery stay, and Plaintiffs have had <u>no opportunity</u> to conduct any discovery. Therefore, Plaintiffs are entitled to take discovery to oppose these matters. Plaintiffs are prepared to submit a declaration setting forth the discovery required-- which would include: (1) copies of sales invoices and contracts between Medis and Microsoft; (2) correspondence and communications (in native form) between Medis and Microsoft pertaining to the commercial sales of PowerPacks; (3) depositions of relevant Microsoft officials and Defendants; and other relevant information.

Accordingly, because the foregoing material is either outside the four corners of the Complaint, not referenced therein, is inadmissible hearsay, improperly authenticated, or irrelevant, the Court should schedule a pre-motion conference, or permit Plaintiffs to file their motion strike or, in the alternative, for conversion to summary judgment and discovery, without such a conference.

---

[7] Fed R Evid 901, *See Wady v Provident Life & Accident Ins Co of Am*, 216 F Supp 2d 1060, 1064-65 (C D Cal 2002) (website printouts not admissible as the proffering party had no personal knowledge as to its authenticity)

[8] Fed R Evid 801, *See e g Jones v Hirshfeld*, 2003 WL 21415323 * 4 no 12 (S D N Y Jun 19, 2003) (website printouts were hearsay and not considered in summary judgment motion), *Loussier v Universal Music Group, Inc*, 2005 WL 5644421 * 4 (S D N Y Jul 14, 2005) (granting *in limine* motion to exclude website printout as hearsay as it was offered for the truth)

[9] Fed R Evid 701

3

We thank the Court for its consideration of our request

Respectfully submitted,

Phillip Kim (PK 9384)

cc.   Deborah H. Renner (DR 4225) (by fax and email)
      Abigail Lauer
      Sonnenschein Nath & Rosenthal LLP
      Fax: (212) 768-6800

4



**SONNENSCHEIN NATH & ROSENTHAL LLP**

Deborah H. Renner
212.768.6896
drenner@sonnenschein.com

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

January 31, 2008

VIA FACSIMILE AND EMAIL

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>Kou v. Medis Technologies Ltd. et al., Case No. 07 Civ. 3230 (PAC)</u>

Dear Judge Crotty:

We represent Defendants Medis Technologies Ltd. ("Medis"), Robert K. Lifton ("Lifton"), and Andrew Udis ("Udis") (collectively "Defendants") in the above-captioned action. We write in response to Plaintiffs' January 28, 2008 letter requesting a pre-motion conference for Plaintiffs' prospective motion to strike certain exhibits to the Affidavit of Deborah H. Renner, sworn to on November 20, 2007 (the "Renner Affidavit"), or in the alternative, to convert Defendants' motion to dismiss (the "Motion to Dismiss") into one for summary judgment, permitting discovery. For the reasons set forth below, Defendants believe that such a motion is ill-founded and should not be permitted.

<u>First</u>, there are 12 exhibits attached to the Renner Affidavit (A-L), and Plaintiffs seek to strike eight of those exhibits (B, D, E, F, G, H, K, L). Of those eight exhibits, seven (B, D, E, F, G, K, L) are public documents which were available to Plaintiffs in drafting their First Amended Complaint (the "FAC"), which was filed on September 10, 2007. Significantly, the FAC <u>explicitly</u> alleges that it is pled based on available public documents, including

> (a) review and analysis of relevant <u>filings made by Medis</u> Technologies, Ltd. ("Medis" or the "Company) <u>with</u> the United States Securities and Exchange Commissions (the "<u>SEC</u>"); (b) review and analysis of <u>Defendants' public documents</u>, conference calls and <u>press releases</u>, (c) review and analysis of securities analysts' reports and advisories about the Company, and (d) <u>information readily obtainable on the internet.</u>



Honorable Paul A. Crotty
January 31, 2008
Page 2

(FAC at 1-2) (emphasis added).[1] Accordingly, even if certain public documents were not attached to the FAC, they were considered or relied on in its drafting, and are thus permitted in considering the Motion to Dismiss. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (allowing consideration of "legally required public disclosure documents filed with the SEC" and "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit"); *In re Aegon N.V. Securities Litig.*, 2004 WL 1415973, at *5 (materials considered on 12(b)(6) motion include, among other things, "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it").[2]

Second, the only exhibit whose information post-dates the filing of the FAC is Ex. H, which is an 8-K SEC filing dated November 13, 2007. Plaintiffs challenge certain 8-Ks filed with the SEC (Exhibits D, E, F, G, and H), claiming that these documents are "outside the four corners of the complaint." However, the law in this Circuit is clear that on a motion to dismiss a securities class action, the court may consider "legally required public disclosure documents filed with the SEC." *ATSI*, 493 F.3d at 98. Accordingly, Ex. H and all of the other 8-K's are appropriately considered on the Motion to Dismiss.[3]

Third, notwithstanding the availability of nearly all of the contested exhibits in the drafting of the FAC and notwithstanding that five of the eight contested exhibits are SEC filings, Plaintiffs argue that certain exhibits to the Renner Affidavit should be stricken because they

---

[1] Ex. K is a Yahoo! Finance report of insider trade information off of the internet. This exhibit contains information available to Plaintiffs as they drafted their FAC -- information that the individual Defendants did not engage in insider trading during the Class Period. Plaintiffs also erroneously contend that the exhibit does not contain information pertaining to the Class Period, yet the exhibit contains data from December 2005 through October 2007.

[2] Plaintiffs also hypocritically argue that the Court should not permit the exhibits because they are "not properly authenticated," or because they are being offered "for the truth of the matter asserted," or because they contain "inadmissible layperson opinion testimony." Yet the allegations in the FAC rely almost entirely on the truth of similar "unauthenticated" internet blog postings and news articles. (*See, e.g.*, FAC, ¶¶ 37-29, 42-43 & Exs. 2, 3, 5 and 6 thereto.) Moreover, all of the cases cited by Plaintiffs on this point are inapposite, as they all deal with situations where there was an obvious issue as to the veracity of the information. Significantly, Plaintiffs do not even dispute that the individual Defendants did *not* engage in insider trading during the Class Period.

[3] Plaintiffs argue that documents from outside the Class Period should be stricken. However, Plaintiffs attached documents from outside the Class Period when these documents served Plaintiffs' purpose of allegedly demonstrating Defendants' "historical pattern and practice of ... scienter." (FAC, ¶¶ 51-62 & Exs. 7-10 thereto.)



Honorable Paul A. Crotty
January 31, 2008
Page 3

"dispute a fact alleged in the [FAC]." Plaintiffs quote *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007), for the proposition that the Court must blindly accept all factual allegations in the FAC as true. However, neither *Tellabs*—nor any case—allows a plaintiff to tell the court only part of a story when the rest of that story exists in the realm of publicly-available information. *See, e.g., In re Aegon N.V. Securities Litig.*, 2004 WL 1415973, at *5 (truth of allegations need not be accepted as true if contradicted by documents properly considered on a motion to dismiss). Indeed, Plaintiffs' greatest concern seems to be with Ex. B, an April 23, 2007 Associated Press article that quotes a Microsoft spokesperson indicating that the Power Packs at issue bore the Microsoft logo, contrary to Plaintiffs' allegations. (*See, e.g.,* FAC, ¶¶ 34, 43, 46-48, 63-64, 70.) This information was available to Plaintiffs prior to the filing of the FAC. (Indeed, Plaintiffs' counsel is even quoted in the article.) Plaintiffs chose not to include it in their pleading. Plaintiffs should not be entitled to selectively rely on public documents to present a distorted picture of the facts, particularly when the *Tellabs* standard requires that the Court evaluate competing explanations for a defendant's conduct in evaluating *scienter*. See *Tellabs* at 2509-10.

All of the exhibits -- all public documents with relevant information -- are properly considered by the Court without converting the Motion to Dismiss into one for summary judgment. See *ATSI*, 493 F.3d at 98. There is likewise no basis for lifting the stay of discovery to allow a fishing expedition, especially given that Plaintiffs cannot show any prejudice whatsoever by being confronted with publicly available documents that they had access to before filing the FAC. See 15 U.S.C. § 78u-4(b)(3)(B) (PSLRA's statutory requirement of a stay of discovery during a motion to dismiss and mandate that the stay be lifted upon motion of a party only where "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party") (emphasis added).

Defendants respectfully submit that the Court should not countenance Plaintiffs' attempt to survive the pleading stage by telling an inaccurate, cherry-picked, revision of the truth. Accordingly, Defendants oppose the filing of Plaintiffs' prospective motion.

Sincerely,

Deborah H. Renner

DHR:lth\17586944

cc: Phillip Kim (by facsimile and email)